JORGE SARRIA, Plaintiff and Appellee, *v.* VICTORIANO ALVAREZ PENIZA, Defendant and Appellant; ANA MARÍA ASENCIO, Intervener and Appellee.

No. 6552. Argued March 5, 1935.—Decided March 8, 1935.

*Pedro G. Quiñones* for appellant.   *Angel A. Vázquez* for appellee.
*Carlos D. Vázquez* for intervener.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the court.

On November 26, 1932, Jorge Sarria brought an action against Victoriano Alvarez Peniza to recover the amount of a judgment obtained by the former on January 20, 1926, against V. Alvarez & Co. for the sum of $1,778.72, with interest thereon at 6 per cent per annum from April 5, 1924, until fully paid. It is alleged in the complaint that said judgment has not been paid either wholly or partially by V. Alvarez & Co. or by its managing partner the defendant, Victoriano Alvarez Peniza. It is further alleged that on December 27, 1928, a writ for the execution of the judgment was issued and that the marshal returned it unexecuted because said firm was insolvent and had no property to pay the judgment. The defendant has refused to pay the sum of $2,934.14, which is the amount of the judgment and interest thereon.

The defendant denied that V. Alvarez & Co. was a mercantile partnership organized under the laws of Puerto Rico either at the time of the filing of the complaint against said partnership or at the time of the rendition of the judgment for the amount claimed. He alleged that the deed of partnership has expired and that the same has not been extended, the partnership being consequently dissolved. The defendant admitted that he was adjudged to pay the amount claimed in the complaint. He denied, for lack of sufficient information and belief, that on December 27, 1928, or at any other time, a writ of execution of the aforesaid judgment was issued and that the marshal returned the same unexe-

cuted, and also denies that said partnership was insolvent or that it lacked the necessary property to pay said judgment.

As new matter of defense, the defendant set up that the amount claimed in the complaint arose from services ren-dered by the plaintiff, while married to Ana María Asencio, and that on April 5, 1927, the plaintiff was divorced from the said Ana María Asencio, who is the owner of one-half of said amount. The defendant alleged that this lady did not appear as a party plaintiff herein and that her husband could not bring an action to recover property belonging to the conjugal partnership.

The defense of nonjoinder of parties plaintiff in the com-plaint was also founded on the fact that it was not alleged therein that Victoriano Alvarez was the sole managing part-ner of the firm of V. Alvarez & Co., nor was the complaint brought against said partnership in liquidation.

Subsequently, after the complaint had been answered, Ana María Asencio requested and obtained leave to file a complaint in intervention based on the same facts averred in the original complaint. The intervener alleged that the judgment sought to be enforced herein belongs to the con-jugal partnership (*sociedad de gananciales*) that she had with the plaintiff Jorge Sarria, and prayed that judgment be rendered sentencing the defendant to pay her one-half of the amount claimed in the original complaint. The plaintiff Jorge Sarria consented that judgment be rendered against the defendant Victoriano Alvarez in conformity with the allega-tion of the intervener. The defendant denied the essential facts of the complaint in intervention and set up the same defenses presented against the original complaint. The dis-trict court entered judgment sentencing the defendant to pay to the plaintiff and to the intervener, in equal shares, the amount claimed in the complaint with interest thereon and costs including attorney's fees.

██ The appellant maintains that the district court erred in not holding that there was a nonjoinder of parties plaintiff

in the original complaint as well as in the complaint in intervention: in the former, because Ana María Asencio was not a party plaintiff and in the latter because Jorge Sarria did not join in the complaint in intervention. We can not agree with the defendant. If, as he claims, there was a defect of parties plaintiff in the original complaint, and he thought that Mrs. Asencio was a necessary party, the appearance of this lady by joining with the plaintiff in order that the whole amount of the judgment should be divided between them, so far from causing him prejudice, it favors him, because the intervention of all the parties, which seems to be what the defendant wishes to have for his protection, facilitates the decision of the court. As aptly stated by the plaintiff, whether Ana María Asencio appeared in this suit through a complaint in intervention or through an amendment to the original complaint, is a matter of no importance. The important thing is that she should come before the court in order to place the latter in a position to render judgment, after having all the necessary parties under its jurisdiction, without prejudice to the defendant. The court itself, in certain cases, may order the appearance of a party when such appearance is necessary for a complete determination of the controversy. The argument that the complaint in intervention is subject to the same defect or nonjoinder of parties plaintiff as the original complaint, is untenable. We can not understand how a party who from the time the action was brought is before the court and under its jurisdiction, could be regarded as an intervener. The said assignments of error must be overruled.

The third assignment is based on the ground that the lower court failed to hold that there was a nonjoinder of parties defendant, both in the original complaint and in the complaint in intervention. The appellant maintains that both complaints should have alleged that Victoriano Alvarez was the only managing partner of the firm of V. Alvarez & Co. and that this partnership in liquidation should have been

made a party defendant. The error assigned, in our opinion, is nonexistent. It was precisely because the said partnership had been sued and the judgment rendered against it could not be executed, that the managing partner Victoriano Alvarez is now being sued. According to section 127 of the Code of Commerce (sec. 125, 1932 ed.), all the members of the general copartnership, be they or be they not managing partners of the same, are personally and jointly liable with all their property for the results of the transactions consummated in the name and for the account of the partnership, under the signature of the latter, and by a person authorized to make use thereof. *Pierluisi* v. *Monllor,* 42 P.R.R. 6. In the deed under which the firm of V. Alvarez & Co. was organized, it is made to appear that the special partners are Marcelino Portela and Successors of José Martínez, and Victoriano Alvarez the sole managing partner. The appellant admitted in his answer that said partnership was dissolved by reason of the expiration of the time for which it was constituted without its having been extended. The error assigned must be overruled.

The fourth assignment is that the lower court admitted in evidence the writ of execution issued April 27, 1928, in the case brought against V. Alvarez & Co. In examining this assignment we notice that the same has not been discussed in appellant's brief. However, in his argument under the third assignment the defendant states that the averment that V. Alvarez & Co. is insolvent and has no property has not been proved, because the marshal's return to the writ of execution can not constitute evidence to prove such essential facts as those alleged in the original complaint and in the complaint in intervention. The defendant maintains that he objected to the admission of said writ of execution because he considered it null and void. The alleged nullity is predicated on the fact that at the time the judgment was sought to be executed, Jorge Sarria could not obtain execution, because he was not the owner of the whole judg-

ment, as at that time he was divorced from his wife. The marshal stated in the writ that he demanded payment from Victoriano Alvarez, managing partner of V. Alvarez & Co., and that he stated that the assets and liabilities of said partnership were liquidated by Successors of José Martínez, and that the latter partnership has also disappeared as the same was dissolved and its properties liquidated.

Assuming, without deciding, that the writ of execution was void and that its service and the marshal's return were not admissible in evidence, the fact would always be that the defendant practically admitted that V. Alvarez & Co. was insolvent and had no property to satisfy the judgment. We say this because the defendant denied on information and belief the averments of the complaint on this point. This denial should not be allowed when it is plain that the party denying has personal knowledge of the facts denied. *Dimas* v. *López,* 41 P.R.R. 873; 49 C. J. par. 334, pp. 267–268.

In this case the facts necessarily hinge on the knowledge had by Victoriano Alvarez. He was the sole managing partner of V. Alvarez & Co. and could not deny on information and belief that the firm was insolvent and that it lacked the necessary property to pay the judgment. No one was in a better position than he to know the financial situation of said partnership. His denial practically amounts to an admission of the facts averred in the complaint on this point. The error must be overruled.

It is finally alleged that the court below erred in adjudging the defendant to pay costs including attorney's fees. The appellant is of the opinion that this pronouncement is neither just nor equitable, because Jorge Sarria brought suit against Victoriano Alvarez without the concurrence of his former wife, to whom half of the amount of the judgment obtained against V. Alvarez & Co. belonged. It is maintained that the defendant acted correctly in defending himself to save his responsibility in so far as that lady was concerned and that hence there has been no obstinacy (*temeri-*

*dad*) on his part. We do not doubt the efforts made by the defendant to protect himself from a possible claim of Mrs. Asencio, who did not appear originally as a party to the complaint; but it is plain that when she intervened, by joining the plaintiff in his claim, the defendant could acquiesce in the claim and consent that judgment be rendered against him. He did not do so and on the contrary insisted in his attitude and continued objecting to said claim. In our opinion, no reason appears from the record why we should relieve the appellant from the payment of the costs and attorney's fees that were imposed by the court below in the exercise of its discretionary powers.

The judgment appealed from must be affirmed.